Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CAROLE FURTADO,** | ) Case No.: |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
| | ) **1. VIOLATION OF THE** |
| v. | ) **TELEPHONE CONSUMER** |
| | ) **PROTECTION ACT, 47 U.S.C.** |
| **STUDENT ASSISTANCE** | ) **§227 ET. SEQ.;** |
| **CORPORATION,** | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

**COMPLAINT**

CAROLE FURTADO ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against STUDENT ASSISTANCE CORPORATION ("DEFENDANT"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

- 1 -
PLAINTIFF'S COMPLAINT

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.  Defendant regularly conducts business in the State of California, thus, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.  Plaintiff is a natural person residing in Clifton Heights, California 95621.

6.  Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7.  Defendant is a corporation with its principal business address at 123 Justison Street, Wilmington, DE 19801.

8.  Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.  Plaintiff has a cellular telephone number.

11.  Plaintiff has only used this phone as a cellular telephone.

12. Beginning in, around, or before April 2015 and continuing through January 2018, Defendant placed repeated calls to Plaintiff's cellular telephone.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded voice.

14. Plaintiff knew that Defendant was using an automatic telephone dialing system and/or pre-recorded voice as the calls began with a noticeable delay or pause before a live representative came on the line.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Shortly after calls started, Plaintiff spoke with Defendant's representatives and for the first time told them to stop calling her.

17. Thereafter, Defendant ignored Plaintiff's revocation and continued call to call her repeatedly.

18. Plaintiff was aware that Defendant was calling her because she spoke to male and female representatives who identified their company name during calls.

19. Plaintiff found Defendant's repeated calls to be annoying, stressful, harassing, and invasive.

20. Upon information and belief, Defendant's business practices violate the Telephone Consumer Protection Act.

# COUNT I
# DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

23. Defendant's calls to Plaintiff were not made for emergency purposes.

24. Defendant's calls to Plaintiff after she revoked consent were not made with Plaintiff's prior express consent.

25. After Plaintiff told Defendant she did not have an account with them and to stop calling, Defendant knew or should have known it did not have consent to call and that any consent it believed it had to call was revoked.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, CAROLE FURTADO, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CAROLE FURTADO, demands a jury trial in this case.

DATED: January 11, 2019    Respectfully submitted,

By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq. (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Tel: 215-540-8888
Fax: 877-788-2864
Email: aginsburg@creditlaw.com
Attorney for Plaintiff